■ MARILYN FATSCHER, Also Known as MARILYN CAIN, Appellant, v. SOUTH SHORE SKATE CLUB, INC., et al., Respondents.— In an action to declare the rights of the parties with respect to a contract for the purchase and sale of real property, the plaintiff (seller) appeals from a judgment of the Supreme Court, Nassau County, entered April 5, 1965 upon the court's opinion and decision after a nonjury trial, which *inter alia* declared that, upon payment by the defendant, South Shore Skate Club, Inc. (the purchaser) of the balance of the purchase price and the adjustments, title to the property shall be deemed to have vested in said defendant as of February 2, 1962. Judgment affirmed, with costs to the defendant South Shore Skate Club, Inc. The closing of title is directed to take place at the office of the plaintiff's attorney at a date and time to be fixed by the defendant South Shore Skate Club, Inc., by a written notice of 10 days to be served within 20 days after entry of the order hereon; and adjustments are to be made as of February 16, 1961. In *Matter of County of Westchester* v. *P. & M. Materials Corp.* (20 A D 2d 431) it was held that, where title vests in condemnation on or prior to the date set for closing, the sole remedy of the purchaser is to proceed to recover his down payment; and the seller is entitled to the condemnation award (Real Property Law, § 240-a, subd. 1; now General Obligations Law, § 5–1311). That case is distinguishable from the one at bar. Here the purchaser had obtained an order directing specific performance on January 8, 1962 and the seller had obtained a stay of that order, pending appeal therefrom, by depositing a deed to the purchaser with the County Clerk on February 2, 1962. All these actions had been taken prior to the date of the vesting of title on May 14, 1962. When the order directing specific performance was affirmed by this court on October 15, 1962 (*South Shore Skate Club* v. *Fatscher*, 17 A D 2d 840), title was deemed vested in the purchaser as of the date of deposit of the deed on compliance by the purchaser with the terms of the contract. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.